

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING AND DISSENTING OPINION

No. 04-26-00339-CV

**IN RE ZURICH AMERICAN INSURANCE COMPANY**

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 25-02-0148-CVA
Honorable Russell Wilson, Judge Presiding

Opinion by:       H. Todd McCray, Justice
Concurring and Dissenting Opinion by: Velia J. Meza, Justice

Sitting:       Lori I. Valenzuela, Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: July 31, 2026

I agree with the majority that the trial court abused its discretion by denying Zurich's plea to the jurisdiction. As the majority explains, every allegation against Zurich in RPIs' live petition arises from the claims-settlement process, thus falling within the Division of Workers' Compensation's exclusive jurisdiction until RPIs exhaust their administrative remedies. My disagreement concerns only the majority's decision ordering the trial court to afford RPIs an opportunity to replead. The only issue before us is whether the trial court abused its discretion in denying Zurich's plea to the jurisdiction. By directing the trial court to afford RPIs an opportunity to replead, the majority compels the trial court to make a particular decision before it has even

acted. For this reason, I respectfully dissent from that portion of the court's opinion and the corresponding portion of the court's order.

## DISCUSSION

The Supreme Court of Texas has held that "plaintiffs should be afforded the opportunity to amend" their pleadings if they "do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction."[1] But the right to amend "typically arises when the pleadings fail to allege enough jurisdictional facts to demonstrate the trial court's jurisdiction."[2] It is not a vehicle for pleading around a jurisdictional bar that arise from the claims themselves. Consequently, "remand is a mechanism for parties, over whose claims the trial court may have jurisdiction, to plead facts tending to establish that jurisdiction, not for parties, over whose claims the trial court does not have jurisdiction, to plead new claims over which the trial court does have jurisdiction."[3]

The majority concludes, and I agree, that the trial court lacks jurisdiction because of the nature of RPIs' claims, not due to a lack of factual allegations. Pursuant to the Legislature's statutory regime, the DWC has exclusive jurisdiction over claims arising out of the claims-settlement process until the RPIs exhaust their administrative remedies.[4] However, I believe the majority's reliance on *Texas Tech University System v. Martinez*, 691 S.W.3d 415 (Tex. 2024), to remand this cause and order is misplaced. *Martinez* is both factually and procedurally distinguishable from this instant cause.

---

[1] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004) (citation modified).

[2] *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016).

[3] *Id.* at 559.

[4] *See In re Crawford & Co.,* 458 S.W.3d 920, 923–26 (Tex. 2015) (orig. proceeding) (per curiam).

Pursuant to the Legislature's statutory regime, the DWC has exclusive jurisdiction over claims arising out of the claims-settlement process until the RPIs exhaust their administrative remedies.[5] Unlike *Martinez*—in which the Supreme Court of Texas afforded Martinez an opportunity to replead and allege jurisdictional facts related to her existing claims—the majority orders repleading for RPIs to introduce a new theory entirely: that Zurich misrepresented its policy to Mesa Southern before it denied Barrera's claim.[6] This theory appears nowhere in the live petition and surfaced for the first time through counsel's argument during a non-evidentiary hearing.

RPIs have also not been denied a fair opportunity to replead in the trial court.[7] Zurich's first plea to the jurisdiction squarely raised DWC's exclusive jurisdiction, and RPIs responded by amending their petition. Yet the amended petition repeats the same claims-settlement allegations and the same unelaborated assertion that Zurich misrepresented "the terms and coverage" of the policy. In *Marquez*, the supreme court declined to remand for repleading in part because the plaintiffs "had the opportunity to, and did in fact, amend their pleadings in the trial court after the district filed its plea to the jurisdiction."[8]

Moreover, the mandamus posture of this proceeding—as opposed to interlocutory nature of Martinez's appeal—is crucial to my position.[9] Mandamus is "an extraordinary remedy, available only in limited circumstances,"[10] and it issues only to correct a clear abuse of discretion

---

[5] *See In re Crawford & Co.,* 458 S.W.3d 920, 923–26 (Tex. 2015) (orig. proceeding) (per curiam).

[6] *Martinez*, 691 S.W.3d at 424–25.

[7] *Contra. Id.* at 424 (stating that its decision to provide Martinez an opportunity to replead was "particularly appropriate" since the defendants challenged jurisdictional facts in Martinez's pleadings a mere day before their jurisdictional plea was heard).

[8] *Marquez*, 487 S.W.3d at 559 (citing *Miranda*, 133 S.W.3d at 231 with see signal and the following explanatory parenthetical: "observing that parties had an opportunity to amend their pleadings and did so and were not entitled to another opportunity to replead").

[9] 691 S.W.3d at 415.

[10] *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

for which the relator has no adequate remedy by appeal.[11] The writ "will not issue to control the action of a lower court in a matter involving discretion,"[12] and the right to relief "generally requires a predicate request for action by the [trial court], and the [court's] erroneous refusal to act."[13]

The only order before us is the trial court's order denying Zurich's plea in part. Having denied the plea, the trial court has had no occasion to consider whether RPIs should be permitted to amend, much less refused a request to amend. Whether the defects in RPIs' pleading are curable—and whether any proposed amendment states a claim outside the DWC's exclusive jurisdiction—are questions for the trial court in the first instance. By ordering the trial court to allow repleading, the majority employs the writ of mandamus to direct a ruling the trial court was never asked to make.

## CONCLUSION

I would conditionally grant the petition and direct the trial court to vacate the portion of its order denying Zurich's plea to the jurisdiction and to grant the plea, leaving it to the trial court to determine whether the defects in RPIs' pleading are curable and whether RPIs should be permitted to replead.[14] Because the majority instead forces the trial court to afford RPIs an opportunity to amend, I respectfully concur in part and dissent in part.

Velia J. Meza, Justice

---

[11] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

[12] *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

[13] *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding).

[14] *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) (stating that plaintiffs need not be given a reasonable opportunity to amend their pleadings if they are incurably defective).